## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**KENNETH READUS, #103125**                                    **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  3:10CV442 WHB-LRA**

**EMMITT SPARKMAN**                                             **RESPONDENT**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Petitioner Kenneth Readus filed a petition for writ of habeas corpus relief on August 11, 2010.[1]  Respondent Emmitt Sparkman argues the petition is barred by the statute of limitations and should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.[2]  For the following reasons, the Undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

### Facts and Procedural History

After his convictions for murder and aggravated assault in the Madison County Circuit Court on April 8, 2004, Petitioner was sentenced to serve a life sentence plus twenty years in the custody of the Mississippi Department of Corrections.   Both convictions were affirmed by the Mississippi Court of Appeals in *Readus v.  State*, 997 So.  2d  941 (Miss.  App. 2008), *reh'g denied,* Sept.  30, 2008, *cert. denied,* Jan.  8,

---

[1] ECF NO.  1.

[2] ECF NO.  4.

2009.[3]   After *certiorari* was denied by the Mississippi Supreme Court on January 8,

2009,  Petitioner never petitioned the United States Supreme Court for a writ of

*certiorari*.  He filed an application to proceed with a motion for post-conviction collateral

relief (PCR) in the Mississippi Supreme Court on June 29, 2004.  He now seeks federal

habeas corpus relief.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C.

§2254(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).   AEDPA also provides that the statute of limitations will be

tolled while a properly filed application for post-conviction relief is pending in state

---

[3]  Unless otherwise indicated, all exhibits reference the exhibits to Respondent's motion to

dismiss.

2

court.

> (2)   The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2254 (d)(2).  In addition to statutory tolling, the United States Supreme Court

has  recently held that AEDPA's statute of limitations period may be equitably tolled if a

petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 —, 130 S.  Ct.  2549 – L.  Ed.  2d —, 2010 WL 234569 (U.S. June 14, 2010)

2010 WL 234549 at *9 and 12 (internal quotations and citations omitted).

### Discussion

Respondent argues that the petition is untimely because more than one year passed

between the date Petitioner's judgment became final and the date he filed for state or

federal collateral relief.  Petitioner has filed no response or otherwise challenged the

motion to dismiss.

Petitioner's judgment became final on April 8, 2009, ninety days after the

Mississippi Supreme Court denied *certiorari* on January 8, 2009.  Because the time

period during which Petitioner could have sought further review is added to the date his

direct appeal ended, Petitioner is credited with the ninety-day period permitted for

seeking a writ of *certiorari* in the United States Supreme Court.  See Rule 13(1) of the

United States Supreme Court Rules; *see also Roberts v.  Cockrell,* 319 F.3d  690, 694 (5th

Cir.  2003) (state court judgment becomes final for AEDPA purposes when the time to

file  a petition for writ of *certiorari* with the Supreme Court has expired, i.e., ninety days

after the judgment is entered).  To toll AEDPA's statute of limitations, Petitioner was

required to file an application for post-conviction relief in state court before April 8,

2010.  Because he did not  file his state court PCR until June 29, 2010, however,  the one-

year statute of limitations ran uninterrupted from April 8, 2009, to April 8, 2010.   As a

result, the habeas petition which was filed on August 11, 2010,  is untimely.

Readus has not shown that he has been pursuing his rights diligently, or that

extraordinary circumstances prevented him from timely filing.  In the absence of any

statutory or equitable tolling, the Court finds the petition is untimely and the motion

should be granted.

### Recommendation

The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C.

§ 636, Fed.  R.  Civ.  P.  72(b)(as amended, effective December 1, 2009).

This the 1st day of November 2010.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE